CASE 12—PETITION ORDINARY—JUNE 21.

## Denton vs. Logan.

APPEAL FROM GARRARD CIRCUIT COURT.

Under the Civil Code the plaintiff is entitled to notice of every defense intended to be relied upon, consisting of "any *new matter* constituting a defense," by a *statement* of such new matter in the answer; if not alleged in the answer it cannot be proved on the trial.

In an action by a tavern-keeper upon an account for tavern bills, drinks of liquor, money loaned, &c., evidence on the part of the defendant showing that the claim of the plaintiff was based upon a series of illegal acts in violation of the spirit and letter of the statutes regulating taverns, tippling-houses, &c., and against public policy and good morals, and that therefore the contract was not enforceable, is not admissible, in the absence of any averment in the answer relying upon such ground of defense.

*Quere.* In the case *supra* could not the defendant have amended his answer, so as to make it conform to the facts proved, under the provisions of *sec.* 161 *of the Civil Code?*

A. A. BURTON, for appellant, cited *Rev. Stat., chap.* 99, *sec.* 4, 2 *vol., page* 406; 2 *Parsons on Contracts,* 252; 14 *B. Mon.,* 419; 5 *Ib.,* 218.

A. J. JAMES, for appellee, cited *Civil Code, sec.* 125; 1 *Revised Statutes, page* 304; *Rule adopted by court of appeals, Oct.,* 10 1860.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

Logan was the keeper of a tavern, and brought this action against Denton on an account filed with the petition, for tavern bills, drinks of liquor, money loaned, &c.

Denton vs. Logan.

Denton answered, denying the correctness of the account sued on, and alleging that he had paid all of it that was ever due or owing. In the third paragraph of the answer he sets up an account against the plaintiff, by way of counter-claim or set-off, which was controverted by the plaintiff in his reply.

Upon these issues the parties went to trial, and the court, to whom the law and facts were submitted, rendered a judgment for the plaintiff, to reverse which the defendant has appealed.

The testimony of the witnesses by whom the plaintiff proved his claim, also conduced to show, in substance, that during the period over which the account extends, the defendant was much about the plaintiff's tavern ; that he ate there occasionally and drank a good deal; that, in the expressive language of one of the witnesses, "he drank with '*side-boards*'—that is, put his hand around the top of the glass and *heaped* it ;" that he drank constantly, and a great deal more than was necessary.

For the appellant it is insisted that by this evidence the claim of the plaintiff is shown to have been based on a series of illegal acts, in violation of the spirit and letter of the statutes regulating taverns, tippling-houses, &c., (2 *Rev. Stat.*, *p.* 404, *chap.* 99,) and against public policy and good morals ; and that upon the principle decided by this court in the case of *Murphy vs. Simpson* (14 *B. Mon.*, 419,) and in other cases cited, no contract, express or implied, founded on such illegal acts, will be enforced.

All this may be conceded, yet the question arises whether the defendant having wholly failed to set up or rely upon such matter of defense in the pleadings, can avail himself of it here as a ground of reversal?

We think not. The Civil Code (*sec.* 125,) in prescribing the requisites of an answer, provides that it shall contain "a statement of any *new matter* constituting a *defense*, counter-claim, or set-off."

One of the manifest objects of this and of similar provisions of the Code was to correct the evils resulting from the practice which under the former system allowed almost every matter of defense in actions of assumpsit to be proved under the general issue. Under the present system, the plaintiff is entitled.

to notice of every defense intended to be relied upon, consisting of "any new matter constituting a defense," by a *statement* of such new matter in the answer.

We have already seen what were the issues made by the pleadings in this case. The plaintiff, in his preparation, was not required to look to any matter beyond or outside of those issues. And the law imposed on the defendant a corresponding restriction in the proofs admissible to establish his defense. All the evidence relating to the excessive drinking of the defendant, or to his drinking more than was necessary, must therefore be deemed to have been irrelevant and foreign to the issues before the court, and was properly disregarded.

It does not even appear that the defendant offered to amend his pleadings so as to make them conform to the facts proved, as he probably might have done under the provisions of *section* 161.

The judgment is affirmed.