## Hopkins vs. Commonwealth.

APPEAL FROM GALLATIN CIRCUIT COURT.

1. On motion for a new trial, the grounds relied on must be specified in writing. (*See Civil Code, sec.* 372.) Errors not so stated cannot be noticed by the circuit court, and cannot be considered by the Court of Appeals.

2. On the trial, on an indictment for carrying a concealed pistol, exculpatory proof, that the defendant had been shot at by strangers more than two years before, and that, for precautionary security of self-defense against a like attack, he had carried a pistol ever since, *was irrelevant.*

3. "If the jury believe, from the evidence, that the defendant, within one year before the finding of the indictment, carried a pistol, concealed on or about his person, and that he had no reasonable ground to believe, *and did not believe,* that his person was in danger of great bodily harm, they should punish him by a fine not less than fifty dollars nor more than one hundred dollars." *Held*—That the superfluous words, *"and did not believe,"* in the above instruction, makes it more favorable to the defendant than he had a right to demand or expect.

J. J. LANDRAM, For Appellant,

CITED—

*Revised Statutes, secs.* 1, 2, *Stanton, p.* 414.
*Criminal Code, secs.* 342, 226.
1 *Met.,* 378; *Payne vs. Commonwealth.*
*Bouvier's Law Dictionary, " Res Gestæ."*
1 *Greenleaf's Ev., sec.* 108.
2 *Hill, N. Y.,* 248, 257; *Bartholemy vs. The People.*

JOHN RODMAN, Attorney General, For Appellee,

CITED—

*Criminal Code, sec.* 267, *subsec.* 4.

Hopkins vs. Commonwealth.

'JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The appellant complains that the circuit court erred in overruling his motion for a new trial on an indictment for carrying a concealed pistol, which was "*a deadly weapon;*" on the trial of which the jury assessed, and the court adjudged, a fine of fifty dollars.

The motion was made on two grounds, stated in writing; and, in addition to these, the appellant urges in this court another error, not assigned in that motion—and that is, that the judge gave an oral instruction contrary to the provision in the Criminal Code, which requires all instructions in criminal prosecutions, including constructively such as are merely penal, to be addressed to the jury in writing; but if, as presented by the record, this might have been made an available error by a proper presentation of it for revision, the failure to suggest it as a ground for a new trial excludes it from the judicial consideration of this court. The Code requires all the grounds relied on for a new trial to be specified in writing; consequently, no error not so stated could be noticed by the circuit court, but all such pretermitted objection must be treated as waived in that court, and is, necessarily, beyond the sphere of this court's revisory jurisdiction, which is only to decide whether, on the grounds properly before it, the circuit court erred in its judgment. (*Section* 372, *Civil Code.*)

There having been sufficient proof that the appellant, on a certain day, carried a pistol concealed about his person, he attempted exculpation by proving that he had been shot at by strangers more than two years before, and that, for precautionary security of self-defense against a like attack, he had carried a pistol ever since. These facts were wholly irrelevant, as there was

neither proof nor apparent cause for apprehension of
any such impending danger; and, therefore, there was
no error in refusing to admit another witness to the
same facts.

This disposes of the first ground for a new trial cog-
nizable by this court.

The next and only remaining ground is, that the circuit
court erred in giving the following instruction : " If the
jury believe, from the evidence, that the defendant, with-
in one year before the finding the indictment, carried a
pistol concealed on or about his person, and that he had
no reasonable ground to believe, and did not believe,
that his person was in danger of great bodily harm,
they should punish him by a fine, not less than fifty
dollars nor more than one hundred dollars."

The appellant's counsel, assuming that the appellant
himself was rightfully the best judge of the necessity or
prudence of carrying a concealed pistol for self-defense,
and the only person who could know whether he, in fact,
apprehended danger, objects to so much of the instruc-
tion as requires reasonable ground for apprehension.
Were this erroneous, the salutary law against the pes-
tilent and alarmingly prevalent habit among all classes,
and especially among young men, and even boys, of
wearing concealed arms, through false and cowardly
pride, and for mock chivalry, might soon become prac-
tically a dead letter. A statute so beneficent and so
often and so easily evaded, should be vigilantly upheld,
and stringently enforced by the judiciary for repressing
a dishonorable and mischievous practice, which, licensed
or unlicensed, leads, almost daily, to causeless homicides
and disturbances, which would otherwise never be per-
petrated; and to that end, the accused should always
be required to prove that he carried a concealed weapon

only for the purpose of defending himself or family or property against an impending attack, reasonably apprehended, and which, if attempted, would justify the use of some such means of defense. But the superfluous addition of the words, " and did not believe that his person was in danger," relieved the instruction from the counsel's criticism, and makes it more favorable to the appellant than he had a right to demand or expect.

Wherefore, the judgment is affirmed.