CASE 29—PETITION ORDINARY—JUNE 3.

## Slater vs. Sherman.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

CASE 00—PETITION EQUITY—JUNE 3.

## Slater and Wife vs. Sherman.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. Errors not specified in the grounds on which a new trial was asked in the court below, must be treated by the Court of Appeals as having been waived. (*Civil Code, sec.* 372; *Hopkins vs. Commonwealth,* 3 *Bush,* 480.)

2. *Motion to continue on affidavit, properly overruled.*—In an action for damages for assaulting plaintiff and stabbing him with a knife, alleged to have been committed the 23d day of December, 1865, the defendant answered, controverting, by a general denial, each of the material allegations of the petition. On calling the case for trial, defendant filed an affidavit, stating that he could prove, by a witness then absent, that a witness who would be relied on by plaintiff was not present when the alleged trespasses were supposed to have been committed, and, thereupon, moved the court for a continuance. *Held*—That, as the affidavit did not disclose what facts it was expected the plaintiff would attempt to prove by the witness, it did not appear whether it was material to the defense to prove the absence of that witness or not, and, therefore, the court below did not abuse its discretion by overruling the motion for a continuance.

3. On plaintiff's objection, the court below properly refused to permit the defendant to prove threats made by plaintiff, and facts occurring some months before the assault complained of, in justification and excuse thereof. *Held*—That, as the defendant alleged no new matter in his answer constituting a defense, but simply controverted the allegations of the petition, *such evidence was inadmissible in justification, excuse,*

Slater vs. Sherman.

*or mitigation.*. On the issue in this case, the defendant might have relied on any part of the *res gestœ* in mitigation of damages.

4.  It is admissible for the defendant to prove provocation by the plaintiff, which was so recent and immediate as to induce a presumption that the violence was committed under the immediate influence of the passion thus wrongfully excited by the plaintiff; but matters which occurred months before the trespasses were committed, are not admissible as evidence in mitigation of damages.

5.  A plaintiff may recover vindictive or punitive damages for personal injuries, when the commission of the act complained of is accompanied with circumstances of aggravation. *See opinion for instructions to this effect, which are sustained.*

6.  Three days after committing an assault upon the person of the plaintiff, the defendant, as recited in his deed, in consideration of love and affection, conveyed a house and lot to his wife without the intervention of a trustee. In a suit for damages for the assault, the plaintiff recovered a judgment on which execution issued, and was returned *no property*. At the suit of the plaintiff against the defendant and his wife, the conveyance of the house and lot is set aside as fraudulent and void to the extent of plaintiff's claim, and subjected to the payment of the judgment, on the ground that the execution of the conveyance was prompted by a fraudulent design to hinder or defeat the successful prosecution of the plaintiff's right of action for the wrongs and injuries which he had recently before committed; and the deed being therefore fraudulent, was, within the denunciation of section 1, chapter 40, Revised Statutes (1 *Stanton,* 545), "*made with the intent to delay, hinder, or defraud creditors, purchasers, or other persons.*"

HARNEY & HARNEY,                                    For Appellants,

CITED—

18 *B. Mon.,* 905 ; *Todd vs. Wickliffe.*

*Story's Equity,* 1380, 1381.

1 *Duvall,* 76 ; *Hutchinson vs. James.*

17 *B. Mon.,* 42 ; *Davenport vs. McCampbell.*

2 *Mar.,* 293 ; *Barbee vs. Watts.*

4 *Met.,* 59 ; *Ward vs. Crotty, &c.*

4 *Met.,* 84 ; *Maraman vs. Maraman.*

24 *Vermont,* 298 ; *Bacon vs. Bacon.*

Slater vs. Sherman.

19 *Vermont,* 410 ; *Porter vs. Rutland.*

2 *Barb.,* 352; *Blanchard, &c., vs. Blood.*

2 *Roper,* 152–156.

*Rev. Stat.,* secs. 1, 2, 3, *art.* 3, *chap.* 36.

4 *Mon.,* 322 ; *Lock & Fleming vs. Coleman.*

4 *Bibb,* 166 ; *Lillard vs. McKee.*

4 *Met.,* 143 ; *Hurdt vs. Courtenay.*

*Rev. Stat.,* sec. 2, *chap.* 40 ; *art.* 18, *chap.* 28 ; *art.* 23, chapter 27.

*Civil Code,* sec. 345.

2 *Greenleaf on Ev.,* sec. 293, *pp.* 80–1; *Ib.,* secs. 253, 265, 267.

2 *Phillips on Ev., pp.* 203, 288 ; *chap.* 14, *p.* 86.

3 *Amr. Law Journal, pp.* 267, 313.

*Constitution of Ky.,* art. 4, sec. 17, art. 13.

17 *B. Mon.,* 697 ; *Botts vs. Williams.*

N. A. HUMBER,                For Appellee,

CITED—

*Revised Statutes,* sec. 2, *chap.* 40.

*Civil Code,* secs. 345, 1, 369, 125, 163, 374.

*MS. Opn.,* 1857; *Walter vs. Eddy.*

3 *Bibb,* 92 ; *Lillard vs. Whitaker.*

3 *Mon.,* 243 ; *Mason vs. Brown.*

2 *Littell,* 233 ; *Owens vs. Star.*

1 *Chitty* (11*th Amr. ed.*), secs. 5, 25, 26, 519.

*Stephens' Pleading,* rule 1st, *secs.* 139, 160, *note* 19.

10*th Wendell,* 102 ; 11 *John.,* 132.

7 *Cowen,* 35 ; 1 *Bald.,* 58.

2 *Greenleaf's Ev.,* sec. 96.

12 *Viner's Abr.,* 159 ; 1 *Mass.,* 58.

19 *Johns.,* 319 ; *Lee vs. Woolsley.*

1 *Bibb,* 428 ; *Rochester vs. Anderson.*

1 *Leigh,* 581; *Bowling vs. Commonwealth.*

3 *Met.*, 435–6; *Denton vs. Logan.*

2 *Met.*, 151; *Childs vs. Drake.*

16 *B. Mon.*, 583; *Knoutz vs. Brown.*

2 *Met.*, 558; *Letton vs. Young.*

4 *Littell*, 118; 2 *Marshall*, 365.

*Story's Eq.*, secs. 353, 356, 362, 369.

5 *J. J. Mar.*, 555; *Lyne vs. Bank of Kentucky.*

2 *Bush*, 76.; *Lowry vs. Fisher.*

1 *Bush*, 86; *Foster vs. Grigsby.*

*Cowp.*, 436; *Cadogan vs. Kennedy.*

14 *Mass.*, 245; *Bridge vs. Eglestone; Ib.*, 456.

9 *B. Mon.*, 514; *Trimble vs. Ratcliffe.*

1 *Met.*, 335; *Cable vs. Cable.*

2 *B. Mon.*, 345; *Love vs. Lewis.*

2 *Met.*, 207; *Todd vs. Hartley.*

4 *Met.*, 143–5; *Hurdt vs. Courtenay, &c.*

4 *Met.*, 89; *Maraman vs. Maraman.*

4 *Met.*, 61; *Ward vs. Crotty, &c.*

18 *B. Mon*, 906; *Todd vs. Wickliffe.*

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

By an agreement of the parties, these two appeals, one of them seeking the reversal of a judgment of the Jefferson Court of Common Pleas, and the other the reversal of a decree of the Louisville Chancery Court, have been heard together, and the questions presented on both records will be considered with reference to the order in which the litigation progressed in the courts below.

On the 5th day of October, 1866, the appellee brought his action in the court of common pleas against the appellant, Joseph Slater, for five thousand dollars damages, for assaulting the plaintiff and stabbing him with a knife, alleged to have been committed on the 23d day

of December, 1865. To this action the defendant filed
an answer, controverting, by a general denial, each of
the material allegations of the petition; and a trial of
the issue thus formed resulted in a verdict and judg-
ment for the plaintiff for six hundred dollars; and that
judgment is brought up for revision by one of these
appeals.

An execution issued on said judgment having been
returned by the sheriff "no property found," the appel-
lee, on the 19th of June, 1867, filed his petition in equity
in the Louisville chancery court against said Jos. Slater
and his wife, Formica Slater, exhibiting the record of
said ordinary proceedings, and a deed from George R.
Prentice and wife to said Joseph Slater, dated May 8,
1865, conveying to him a house and lot, in the city of
Louisville, for the consideration of one thousand six
hundred and eighty-seven dollars and fifty cents, recited
in the deed to have been paid. He also exhibited and
assailed as fraudulent a deed for the same property,
dated on the 26th of December, 1865, and made by
Slater to his said wife without an intervening trustee,
for the expressed considerations of love and affection,
and her agreement to assume and pay to said Prentice
six hundred dollars, with interest from May 8, 1865; for
which, it was stipulated in the deed, a lien should exist
on the property; and he prayed the court to set aside
this deed, and subject the property to the payment of
his judgment.

The appellants, in their answers to said petition, con-
troverted the allegations of fraud imputed to them in
the execution of the deed to Mrs. Slater; and so far
as the same was without valuable consideration, they
denied that it was void as to the plaintiff's claim, be-
cause, as they insisted, said claim was not, at the date

of the deed, an existing liability, within the meaning of the statute affecting the validity of such conveyances; and respecting the indebtedness to Prentice expressed in the deed, they alleged that it was, at the time, a subsisting debt to Prentice, who had a lien on the property to secure its payment; and that, after the execution of the deed to Mrs. Slater, she had in good faith assumed it, and paid it with her own money.

The chancellor adjudged that the conveyance was fraudulent and void as to the plaintiff's claim, and ordered a sale of so much of the property as necessary to pay the judgment at law; and from that judgment Slater and wife have appealed.

The correctness of the judgment at law is questioned by the counsel for the appellants on several grounds.

1. It appears from the record, that, on the calling of the cause for trial, the defendant filed an affidavit, stating in substance that he could prove, by a witness who was then absent, that Mary Oats, a witness who would be relied on by the plaintiff, was not present when the alleged trespasses were supposed to have been committed, and, thereupon, the defendant moved the court to continue the action, which motion was overruled; and this ruling of the court is now complained of as an error, for which the judgment should be reversed. As the affidavit did not disclose what facts it was expected the plaintiff would attempt to prove by Mary Oats, it did not appear whether it was material to the defense to prove her absence or not, and it seems to us the court did not abuse its discretion in overruling the motion; but whether this be so or not, the objection is not now available in this court, because it was not one of the specified grounds on which a new trial was asked in the court below, and must be treated as having been

waived. (*Hopkins vs. Commonwealth*, 3 *Bush*, 480 ; *Civil Code, sec.* 372.)

2. After the evidence for the plaintiff was closed, it appears from the bill of exceptions that the defendant offered to prove by a witness " threats made by plaintiff and facts occurring some months before the assault complained of, in justification and excuse thereof; " and on the objection of the plaintiff, the court refused to permit the facts to be proved, and this was urged as a reason for a new trial, and is now complained of as an error prejudicial to the. appellant.

We do not so regard it. The defendant alleged no new matter in his answer constituting a defense, but simply controverted the allegations of the petition ; and the issue thus formed was no notice to the plaintiff that matter of justification or excuse would be relied on as a defense to the action; and to have permitted such evidence to go to the jury, would have been a manifest disregard of one of the most important objects of our present system, by which the requisites of pleadings are prescribed, and parties required to state the facts constituting their claims and defenses for the information of each other. (*Denton vs. Logan*, 3 *Met.*, 434.)

But it is insisted, that although the issue may not have authorized the admission of the evidence as matter of justification, or excuse, the facts the defendant proposed to prove were, nevertheless, admissible for the purpose of proving *provocation* by the plaintiff in mitigation of damages. We concede the general principle, that, notwithstanding the rule, that whatever is to be shown in *justification* must be specially pleaded, the defendant, under the issue in this case, might have relied on any part of the *res gestæ* in mitigation of damages; but this principle does not go further than to admit proof of a

provocation by the plaintiff, which was so recent and immediate as to induce a presumption that the violence was committed under the immediate influence of the passion thus wrongfully excited by the plaintiff; and applying this rule as a test in this case, it is obvious, that matters which occurred months before the trespasses were committed, were not admissible as evidence in mitigation of damages. (2 *Greenleaf on Evidence, sec.* 93; *Rochester vs. Anderson,* 1 *Bibb,* 428.)

3. On the trial the court, at the plaintiff's instance, gave to the jury two instructions, which were excepted to by the defendant, and are now complained of as erroneous. They are as follows:

1st. "That in estimating the damages, they are not confined to the actual outlay of money paid by plaintiff for surgeons and physician's bills, or loss of time, but may take into consideration the bodily pain and sufferings, and personal disfiguration of the plaintiff, as part of the actual injury, for which the plaintiff is entitled to compensation in damages.

2d. "The jury, in making up their verdict, may give such damages as they think the plaintiff ought to receive for the injury done, without considering what amount the defendant can conveniently pay, or whether he can or will pay anything, but not to exceed the amount claimed in the petition."

The correctness of these instructions is questioned by the counsel for the appellant, mainly on the ground that they authorized the recovery of vindictive damages for an injury which is also punishable by indictment. Although there is some conflict of authority on the question, it may be regarded as settled in this State, and, as we think, in accordance with principle and the weight of authority, that a plaintiff may recover vindictive or

punitive damages for personal injuries, where the commission of the act complained of is accompanied with circumstances of aggravation. (*Chiles vs. Drake*, 2 *Met.*, 146.)

No error to the prejudice of the appellant is perceived in the judgment of the court of common pleas, and the same is therefore affirmed.

Upon the appeal from the judgment of the chancery court, a brief reference to the facts may suffice to dispense with the consideration of some of the questions of law presented by the counsel, as not applicable to the state of case exhibited by the record.

The allegations of Slater and wife of the existence of a debt to Prentice for a balance of the price of the property, and its payment by Mrs. Slater, presumptively repelled by the recitals of Prentice's deed, are not sustained by any evidence. The conveyance, therefore, from Slater to his wife, must be. treated as wholly voluntary, and without any valuable consideration. And whether that conveyance is or not void, because made directly from the husband to the wife, and not based on any such consideration as would, under certain circumstances, authorize its enforcement in equity, it seems to us the court properly subjected the property to the plaintiff's judgment, if the right of action on which it was founded, and which occurred some four days before the date of the conveyance, was an "existing liability," within the meaning of the second section of chapter 40 of the Revised Statutes, whether the conveyance was *actually* fraudulent or not. Or even if the right of action was not such before judgment as to entitle the plaintiff to occupy the position of a *creditor*, still the judgment must be sustained, if said conveyance was "made with the intent to delay, hinder, or defraud creditors, pur-

chasers, or other *persons*," according to the first section of said chapter.

As we construe section 2 of the statute referred to, it did not protect the plaintiff's claim of .damages, unless he thereby became a creditor, and, technically speaking, he was not a creditor until the recovery of the judgment. (*Lillard vs. McGee*, 4 *Bibb.*, 165.)

But we are of the opinion, from all the facts and circumstances of this case, that the execution of said conveyance was prompted by a fraudulent design to hinder or defeat the successful prosecution of the plaintiff's right of action for the wrongs and injuries which Slater had but recently before committed; and the deed being therefore fraudulent, was within the denunciation of the first section of the statute, which is a substantial re-enactment of the 2d section of the act of 1796 (2 *M. & B.*, 737), and has been held to embrace subsequent as well as previous creditors. (*Lillard vs. McGee, supra; Lowrey vs. Fisher, &c.*, 2 *Bush*, 70.)

The judgment of the Louisville chancery court is therefore affirmed.