JUDGE HARDIN
delivered the opinion oe the court:
The appellants brought this action for the recovery of four hundred and two dollars, which they alleged the appellee was indebted to them “ for money paid, advanced, and loaned” to him by them in October, 1866, and which he had since that time promised to pay them.
The defendant, by his answer, denied the material allegations of the petition, but did not allege any new or special matter of defense.
A trial of the case resulted in a special verdict, which is as follows : “ We of the jury find that the money sued for was advanced by the plaintiffs for the defendant to pay ‘a pool’ bought by the latter on the Greenland racecourse ; that the plaintiffs were pool-sellers; and that the advance was made for the purpose of paying money lost in that pool on a horse race, and was made by the plaintiffs with a knowledge, both before the wager and after-wards, that it was for the purpose aforesaid; that the plaintiffs were stake-holders, and received a commission for their services as pool-sellers.”
Upon the verdict so rendered the court gave judgment for the defendant, and a motion for a new trial having been overruled, the plaintiffs have appealed to this court.
The evidence is not certified in the record, and the correctness of the judgment must be tested by the pleadings and special finding of the jury.
It is insisted for the appellants — 1st. That the transaction was not within the prohibition of the statute against gaming; and 2d. That, under the general issue, the court *42 could not consider the special facts on which the judgment is based, as they were not pleaded in avoidance of the action. Neither of these positions can, in our opinion, be maintained.
The 1st section of chapter 42 of the Revised Statutes declares: “ That every contract, conveyance, transfer, or assurance for the consideration, in whole or in part, of money, property, or other thing won, lost, or bet at any game, sport, pastime, or wager, or for the consideration of money, property, or other thing lent or advanced, for the purpose of gaming or wagering, to a person then actually engaged in betting, gaming, or wagering, shall be void.”
It conclusively appears from the verdict of the jury that the money lent or advanced by the appellants, and which was the foundation of their claim, was so furnished to the appellee, to be then wagered and bet by him upon the result of a horse race, a description of betting or wagering clearly embraced by the statute, and in which he was at the time actually engaged.
As to the second ground of objection taken for the appellant, it seems to us that, although it has been correctly held by this court, in Denton vs. Logan (3 Met., 434), and in other cases, that under the present system of practice, as regulated by the Code, the plaintiff is entitled to notice of every defense intended to be relied on, consisting of “new matter constituting a defense,” by a statement of such matter in the answer. This rule does not apply to a case like this, in which, from the plaintiff’s own proof of the contract he seeks to enforce, the contract is shown tó be, according to express law, absolutely void.
Wherefore, as it seems to us the judgment was authorized by the special verdict of the jury, the same is affirmed.