BUCHANAN & ROGERS *v.* L. T. AUSTIN & WIFE.

**Appeal—Review—Instructions.**

The Court of Appeals can not pass on instructions which are not in the record.

**Appeal—New Trial—Grounds—Waiver.**

Under Civ. Code Prac., § 372, requiring the grounds for a new trial to be specified in writing, failure to present the admission of evidence as a ground for a new trial excludes such grounds from consideration on appeal, as it will be treated as waived.

APPEAL FROM JEFFERSON CIRCUIT COURT.

December 30, 1872.

OPINION BY JUDGE PETERS:

It does not appear in the record that any instructions were given to the jury by the court; consequently there was no error apparent to this court in expounding the law to the jury.

The verdict is not so flagrantly against the weight of the evidence, if it be against it at all, as to authorize the court to interfere and award a new trial.

The motion for a new trial was made in the court below on two specified grounds, and appellant urges as a ground for a reversal in this court that the court below should have excluded from the jury so much of Austin's evidence as states facts inconsistent with, or which qualify the terms of the deed of himself and wife, and also for overruling his motion to exclude from the jury the facts stated in the affidavit that Harris would prove, it being admitted that if present he would prove the facts; but the evidence was objected to on the ground that it contradicted the deed of Austin and wife to him and therefore incompetent.

Whether or not the admission of that evidence would have been an available error for which the judgment would have been reversed if the objection has been properly prosecuted for revision, we can not decide as the failure to present it as a ground for a new trial excludes it from the judicial consideration of this court. Sec. 372, Civ. Code, requires all the grounds relied on for a new trial to be specified in writing; consequently no error not so stated could be noticed by the court below, but all such pretermitted objections must

be treated as waived in that court, and is, necessarily, beyond the sphere of this court's revisory jurisdiction, which is only to decide whether on the grounds properly before it, the court below erred in its judgment. *Hopkins v. Commonwealth,* 3 Bush 480; *Slater & Wife v. Sherman,* 5 Bush 206; *Louisville, Cincinnati & Lexington R. R. Co. v. Mahony's Admr.,* 7 Bush. 235.

Judgment *affirmed.*

*E. Field, for appellants.*

*Clemmons & Wills, for appellees.*