## Commonwealth, et al. v. Sammons, et al.

(Decided May 3, 1918.)

### Appeal from Mason Circuit Court.

1. Limitation of Actions—Sureties on Administrator's Bond—Creditors—Construction of Statute.—Limitation in favor of sureties on an administrator's bond as against creditors of the estate, is controlled by section 2551, Kentucky Statutes, declaring that "a surety in an obligation or contract other than those provided for in the next two preceding sections, shall be discharged from all liability thereon, when seven years shall have elapsed without suit thereon after the cause of action accrued."

2. Limitation of Actions—Action on Administrator's Bond—Creditors—Accrual of Cause of Action.—Certain creditors of the intestate brought suit against his administratrix and others to settle the estate and to have certain mortgages set aside as fraudulent preferences. The sureties on the bond of the administratrix were not parties. The cause was referred to the master commissioner to settle the accounts of the administratrix. His settlement was reported, to which no exceptions were filed: Held, that the cause of action in favor of the creditors and against the sureties on the bond accrued when the settlement was made and not excepted to, and was not suspended while the creditors were litigating with others for the purpose of determining how much they were entitled to out of the estate, and more than seven years having elapsed before the creditors brought suit against the sureties, the plea of limitation interposed by the sureties was properly sustained.

ALLAN D. COLE and H. W. COLE for appellants.

WORTHINGTON, COCHRAN & BROWNING for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Early in the year 1897, M. R. Gilmore died a resident of Mason county, and on March 30, 1897, his widow, Mary

F. Gilmore, qualified as his administratrix by executing bond, with R. A. Carr and Pat Sammons as sureties. On May 15, 1897, William C. Townsend and other creditors brought suit in the Mason circuit court for a settlement of the estate and to have certain mortgages to other creditors set aside as fraudulent preferences. The cause was referred to the master commissioner for the purpose of ascertaining and reporting the claims against the estate and settling the accounts of the administratrix. Pursuant to this order, the commissioner on June 8, 1898, settled the accounts of the administratrix and reported a balance in her hands of $880.63, for distribution. No exceptions were ever filed to this report. On October 10, 1910, the master commissioner was directed to collect from Mary F. Gilmore, the sum of $880.63, with interest from June 8, 1898, and to hold the same for further orders of the court. On December 20, 1910, the mortgages, which were attacked as fraudulent preferences, were set aside, and the commissioner directed to institute legal proceedings for the recovery of the balance in the hands of the administratrix.

On February 14, 1911, the Commonwealth of Kentucky by the master commissioner and receiver of the Mason circuit court, brought this suit for the use and benefit of the creditors of the estate of M. R. Gilmore, deceased, against Mary F. Gilmore, and her sureties, R. A. Carr and Pat Sammons, to recover the sum of $880.63, with interest from June 8, 1898. The sureties interposed the seven year statute of limitation, and this plea being sustained, the petition was dismissed as to them. Plaintiff appeals.

The first question presented is whether the sureties on an administrator's bond may defeat the claim of creditors by the plea of limitation. Sections 2549, 2550, and 2551, are as follows:

"(2549) The surety on a bond given in the course of a judicial proceeding shall be discharged from all liability thereon, unless suit be brought thereon within seven years after the accruing of the cause of action."

"(2550) A surety for an executor, administrator, guardian or curator, or for a sheriff, to whom a decedent's estate has been transferred, shall be discharged from all liability as such, to a distributee, devisee or ward, when five years shall have elapsed without suit, after the accruing of the cause of action, and at the at-

tainment of full age by the devisee, distributee or ward; but the failure to commence action in time by one shall not affect the right of another.''

''(2551) A surety in an obligation or contract other than those provided for in the next two preceding sections, shall be discharged from all liability thereon, when seven years shall have elapsed without suit thereon after the cause of action accrued.''

It is conceded that section 2549 does not apply because an administrator's bond is not given in the course of a judicial proceeding; and that section 2550 does not apply because the limitation therein provided is against distrubutees, devisees, or wards, and not against creditors. The point is therefore made that section 2551 does not apply because it embraces only obligations or contracts other than those provided for in sections 2549 and 2550, and an administrator's bond is distinctly provided for in section 2550, hence it is argued that no limitation in favor of sureties on an administrator's bond and against creditors is provided. By the bond in question, the administratrix and her sureties covenanted that the administratrix would well and truly administer the goods, chattels, credits and effects of the said intestate according to law, and would further make a just and true account of all her actings and doings therein; and would well and truly make a proper distribution of any surplus money, effects and rents, which might come to her hands or anyone for her, by color of her office, to the persons entitled thereto. There can be no doubt, therefore, that this bond was for the benefit of creditors as well as distributees. In the enactment of the above sections, the legislature was dealing with the question of limitation, and the language of section 2551, that ''A surety in any obligation contract other than those provided for in the next two preceding sections, . . . '' was plainly intended to include all obligations or contracts for which no limitation was provided in the two preceding sections, and since no limitation against creditors was provided in section 2550, we conclude that section 2551 is controlling and that no action can be brought by creditors against the sureties on an administrator's bond after the lapse of seven years from the time their cause of action accrued.

This brings us to a determination of the question when the creditors' cause of action accrued in this case.

For the creditors it is insisted that had the mortgages attacked as fraudulent preferences been sustained, the general creditors would have had no right of action on the bond because there would have been no funds to which they would have been entitled, giving them such a right. Hence it is argued that not until the year 1910, when the Mason circuit court finally adjudged them to be entitled to the funds, did they have the right to sue for the funds and the consequent right to recover on the bond. This contention is without merit. A cause of action accrues when a party has the right and capacity to sue, and his right of action is not suspended until he ascertains that he has a cause of action. Here the sureties were not parties to the action brought by the creditors to set aside the fraudulent mortgages, and the statute of limitation in favor of the sureties was not suspended while the creditors were litigating with others for the purpose of determining how much they were entitled to out of the estate. Without passing on the question whether the creditors' cause of action accrued prior to that time it is sufficient to say that when the accounts of the administratrix were settled by the commissioner in the year 1898, and no exception was filed to his report, the balance in her hands was then due and collectible, and the creditors' cause of action against the sureties on the bond then accrued, and since more than seven years elapsed before the bringing of this suit, it follows that the plea of limitation was properly sustained.

Judgment affirmed.