## Lewis et al. v. Barber.

(Decided April 26, 1932.)

520

WAUGH & HOWERTON and C. H. BRUCE for appellants.

LOVEL H. LILES and J. D. ATKINSON for appellee.

Opinion of the Court by Judge Clay—Affirming.

Millard Lewis shot and killed Chester Barber on April 18, 1930. He was indicted for murder on May 4, 1930, and convicted of manslaughter on the 9th day of May, 1930. On May 14, 1930, Elizabeth Barber, widow of Chester Barber, sued Millard Lewis for damages for the death of her husband, and on the same day process was served on Millard Lewis, who was then in jail. On May 15, 1930, Millard Lewis, by deed acknowledged, delivered and recorded on that day, conveyed to his father, Levi Lewis, a tract of land located in South Portsmouth, Greenup county. The consideration recited in the deed was the sum of "One ($1.00) Dollar, cash in hand and other good and valuable considerations." By another deed, executed, acknowledged, delivered, and recorded on May 15, 1930, Millard Lewis, "for and in consideration of going on a bond to him paid by Levi Lewis," conveyed to his father, Levi Lewis, another tract of land in South Portsmouth, Greenup county. About the same time Millard Lewis attempted to transfer to his father a 1929 Dodge sedan. The suit brought by Elizabeth Barber against Millard Lewis was tried on July 18, 1930, and resulted in a verdict and judgment in her favor for $5,000 and costs. Execution, which issued thereon and was placed in the hands of the sheriff of Greenup county on July 6, 1930, was returned on July 8, 1930, "No property found subject to execution."

On September 16, 1930, Elizabeth Barber brought this suit against Millard Lewis, Levi Lewis, and his wife, Sena Lewis, to set aside the two deeds of May 15, 1930, on the ground that they were made without consideration, and for the sole purpose of hindering, delaying, and defrauding plaintiff in the collection of her claim. The defense was that the conveyances were made pursuant to an agreement made on May 7, 1930, by which Millard Lewis agreed to convey the property in

consideration of his father's paying his expenses and attorney's fees, and that neither of them knew at the time of the oral agreement or the execution of the deeds of Mrs. Barber's claim, or the pendency of the action which she had brought. A general order of attachment was obtained and levied on the Dodge sedan. On final hearing the deeds were set aside as fraudulent, and the attachment was sustained. The Lewises appeal.

Both Millard Lewis and his father, Levi Lewis, testified that on May 7 they entered into an oral agreement by which Millard Lewis was to convey his property to Levi Lewis in consideration of the latter's paying certain expenses and attorneys' fees, and that pursuant to this agreement Levi Lewis advanced him $200, and also paid attorneys' fees amounting to $1,550. The lawyers who defended Millard Lewis deposed that their fees aggregating $1,550 were paid by Levi Lewis, though it is clear from their evidence that portions of the fees were paid after May 15, 1930, the day the deeds were made. Although admitting that he visited the jail where his son was incarcerated, and that he was instrumental in having the deeds prepared and acknowledged, Levi Lewis testified that he did not know of Mrs. Barber's claim, or the pendency of her suit until after the deeds had been acknowledged and delivered. It further developed on the hearing that Millard Lewis also conveyed to his father, Levi Lewis, a tract of land located in Portsmouth, Ohio, by deed dated May 8, 1930, but not acknowledged until May 17, 1930. Acknowledgment, however, disclosed that it was first dated "8th day of May, A. D. 1930," but the word "8th" was afterwards erased and the word "17th" written over it. According to the witnesses for the Lewises, the property conveyed was worth about $1,500, while witnesses on the other side fixed its value at $2,000.

Section 1906, Kentucky Statutes, is as follows:

"Every gift, conveyance, assignment or transfer of, or charge upon, any estate, real or personal, or right or thing in action, or any rent or profit thereof, made with the intent to delay, hinder or defraud creditors, purchasers or other persons, and every bond, or other evidence of debt given, action commenced, or judgment suffered, with like intent, shall be void, as against such creditors, purchasers and other persons. This section shall not affect the

title of a purchaser for valuable consideration, unless it appear that he had notice of the fraudulent intent of his immediate grantor or of the fraud rendering void the title of such grantor.''

A person who has a claim for damages against a grantor is a creditor within the meaning of the statute, Lillard v. McGee, 4 Bibb 165; Slater v. Sherman, 5 Bush 206; Anglin v. Conley, 114 Ky. 741, 71 S. W. 926, 24 Ky. Law Rep. 1551; and a purchaser for a valuable consideration will not be protected if he has notice of the fraudulent intent of his grantor, Summers v. Taylor, 80 Ky. 429; Beadles v. Miller, 9 Bush 405. But appellant insists that the facts of this case bring it within the rule announced in Anglin v. Conley, supra, and that Levi Lewis should be adjudged a lien on the property to secure the sums which he advanced to his son in the payment of his expenses and attorneys' fees. An examination of that case will show that the decision of the court was based on the fact that neither the grantor nor the grantee, either at the time of the oral agreement or the subsequent conveyance, had any knowledge of the claim of the attacking creditor. In this case, however, the situation is wholly different. The suit was filed on May 14, 1930, and process was served on Millard Lewis late that afternoon. He then knew that Mrs. Barber had sued him. The following day Levi Lewis was at the jail in consultation with Millard Lewis, and procured the deeds to be written and acknowledged. According to the claim now made, neither deed set out the true consideration. By the deeds in question, as well as the deed to the Ohio property and the attempted transfer of the Dodge sedan, Millard Lewis conveyed and transferred to his father all the property that he had. On this showing the chancellor adjudged that the father knew of the pending action, and was a participant in the fraud. With this conclusion we agree. The haste with which the deeds were prepared and executed after the suit was filed, the conveyance and transfer of all the son's property, the false recitals as to the considerations for the conveyances, coupled with the fact that the father was at the jail in consultation with his son, not only render wholly improbable the father's statement that he did not learn of the pending action until after the deeds were executed and delivered, but point unerringly to the fact that the transactions were conceived and carried out by both

father and son for the fraudulent purpose of defeating any recovery in the pending lawsuit. As the son, the grantor, and the father, the grantee, were both guilty of actual fraud as to Mrs. Barber, the creditor, the father as against her is not entitled to the property conveyed, or to a lien thereon for the money paid by him, and whatever rights he may have in the property will be postponed until her demands have been satisfied. Wood v. Goff, 7 Bush 59; Willett v. Froelich, 139 Ky. 779, 90 S. W. 572, 28 Ky. Law Rep. 798.

As Millard Lewis never took the necessary steps to transfer to his father the Dodge sedan, it follows that the sedan was still his property, and that the attachment thereon was properly sustained.

Judgment affirmed.