## Hager et al. v. Coleman et al.

January 30, 1948.

J. E. Childers for appellants.

W. A. Daugherty for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

This is a companion case to, and grew out of matters arising in the appeal case of Coleman v. Hager et et al., 307 Ky. 70, 208 S. W. 2d 316. After the judgment had been entered in the case of Hager v. Coleman, plaintiffs in that action filed motion to sustain the attachment therein, and the defendants filed motion to discharge and abate the attachment. The court, after hearing the evidence and the argument of counsel on the motions, entered an order discharging the attachment, to which plaintiffs objected and excepted, prayed and were granted an appeal. Thus we have before us the matter of that order discharging the attachment.

Butler Coleman stabbed Lawson Hager, the husband of Beulah A. Hager, and father of the infants in this action, on the 18th day of August, 1946. Hager lingered in the hospital at Matewan, West Virginia, where he died from the stab wound on the 25th day of August, 1946. The appellants in this action, as plaintiffs below, brought suit against the appellees for the sum of $25,000 in damages for the death of their husband and father, and upon trial obtained judgment in the sum of $15,000. At the time the action was brought a general order of attachment was issued against appellees, or defendants below, in which $9,640.20 was attached in the hands of the Pikeville National Bank and Trust Company in the name of Ocie Coleman.

It appears that in June, 1946, Butler Coleman had sold a tract of land, which he had inherited from his mother, for the sum of $11,000, which he deposited to his own account in the Pikeville National Bank and Trust Company. On the 20th day of August, just 2 days after he had stabbed Hager, and while Hager was lingering in the hospital, he had the deposit changed from his account to the name of, and account of, Ocie Coleman, his wife. It was this account that was attached pursuant to the order in this action.

(1) Appellants insist first that the transfer from Butler Coleman to his wife is void because it was not in writing and was neither acknowledged nor recorded. We cannot agree entirely with this contention. It does not necessarily follow that even though there had been compliance with the section above that the transfers would then have been valid as to third persons. This

provision obviously purports to protect third persons from transfers made with the fraudulent intent of defeating them either as creditors or purchasers. KRS 404.020 provides that such transfer shall not be valid as to third persons. The question then is: Was the transfer, whether in writing or not, made with fraudulent intent?

Appellants next insist that the transfer of the fund in the bank was actually and constructively fraudulent under KRS 378.010 and 378.020. Appellees counter with the argument that at the time this action was brought appellants were not existing creditors; that they had no cause of action at that time, and could not have a cause of action until the death of the husband and father. They cite in support of that position Carter v. Harlan Hospital Ass'n, Inc., 265 Ky. 452, 97 S. W. 2d 9, and Commonwealth et al. v. Sammons et al., 180 Ky. 403, 202 S. W. 885, 886. These cases hold that: "A cause of action accrues when a party has the right and capacity to sue * * *." But they are not in point here.

We think the view taken by appellants is the correct view. Certainly Butler Coleman had reason to believe and anticipate that some sort of action might be taken against him. If Hager survived he could have brought suit, and having died, either his personal representative, or as in this action, his widow and children could bring it.

In Allen v. Ligon, et al., 175 Ky. 767, 194 S. W. 1050, 1051, a malpractice case, we said:

"A transfer made by a debtor in anticipation of a suit against him, or after a suit has been begun, and while it is pending against him, is a badge of fraud."

In Griggs v. Crane's Trustee, 179 Ky. 48, 200 S. W. 317, 319, we said:

"When a transfer is made by one of his property, when there is pending an action against him for tort or other action for unliquidated damages, the fact that he makes such transfer at such time is a badge of fraud; and it is so, especially if it leaves him without any estate or greatly reduces his property. It is, likewise, a badge of fraud for an insolvent debtor, or one who is very considerably indebted, to make a transfer of his prop-

erty. Bibb v. Baker, 17 B. Mon. 292; Magic City Coal & Feed Co. v. Lewis, supra (164 Ky. 454, 175 S. W. 992). Where it is shown that the property never belonged to the grantee until the transfer was made, and that the grantor, at the time, was greatly embarrassed with debts or insolvent, it is a badge of fraud which casts upon the grantee the burden of showing that the conveyance was made because of a valid consideration for it.''

See also Lewis et al. v. Barber, 243 Ky. 519, 49 S. W. 2d 328.

In the early case of Slater v. Sherman, 5 Bush 206, where a fraudulent transfer was resisted on the grounds that the claim was not, at the date of the transfer, an existing liability, it was said:

''* * * the execution of said conveyance was prompted by a fraudulent design to hinder or defeat the successful prosecution of the plaintiff's right of action for the wrongs and injuries which Slater had but recently before committed; * * *''

In Knight v. Whitman, 6 Bush 51, 99 Am. Dec. 652, we said:

''This court, in Slater v. Sherman, 5 Bush 206, has decided that even in tort cases the liability was incurred at the time and by committing the tort.''

We conclude, therefore, that under the facts and circumstances of this case the court should have refused to dissolve the attachment and should have allowed the money to be held until final adjudication of the matter.

Wherefore, the judgment is reversed.