CHIEF-JUSTICE WILLIAMS
delivered the opinion of the court.
In December, 1865, Whitman sued Knight in the Iiart Quarterly Court for a hog, averred to be worth thirty dollars, which Knight controverted, and in March, 1866, the court adjudged in his favor; whereupon Whitman appealed the case to the circuit court, where he obtained a judgment for $30 and costs amounting to $152.98, in March, 1867, which remains still in force.
Whitman sued out execution and had it levied upon Knight’s home farm of thirty-seven acres, and bid it off himself at $125- — -being two thirds of its appraised value; obtained the sheriff’s deed, and then brought this suit in equity to recover the possession which Knight resisted; but, the court having adjudged against him, he has appealed to this court. We shall consider only the important alleged errors.
*53 It is insisted that this judgment being in 1867, the homestead, not being worth one thousand dollars, was not liable to sale under this execution, but was protected by our statute of February 10, 1866 (Myers’s Supplement, 714-15), which enacted that, “in addition to the personal property now exempt from execution on all debts and liabilities created or incurred after the first of June, 1866, there shall be exempt from sale under execution, attachment, or judgment of any court, except to foreclose a mortgage given by the owner of a homestead, or for purchase-money therefor, so much land, including the dwelling-house and appurtenances owned by the debtor, as shall not exceed in value one thousand dollars.”
Was this a liability incurred previous to June 1, 1866? The hog had been taken and the suit therefor had been instituted previous to the day so fixed by said statute. It is true the quarterly court adjudicated for the defendant, but the circuit court reversed this, and adjudicated in plaintiff’s favor; so that this judgment ascertained the defendant’s liability to the plaintiff, and, being unreversed and still in force, is conclusive as to it.
This judgment conclusively fixed the defendant’s liability under that suit, which must have .existed when the suit was brought, else no judgment predicated upon that complaint could have been rendered. Then it has been judicially ascertained that the defendant was liable to the plaintiff when said suit was brought in December, 1865, and anterior to June 1, 1866; therefore said homestead exemption statute is inapplicable.
This court, in Slater v. Sherman, 5 Bush, 206, has decided that even in tort cases the liability was incurred at the time and by committing the tort. It is said, however, that the costs were subsequently incurred; hence the homestead was not liable therefor.
*54 It is sufficient to say that the exemption under the statute of February, 1866, is only applicable to debts and liabilities created or incurred after June 1, 1866; so that in all that class of cases existing prior thereto there is no homestead exemption. The costs of all such cases are only incidents attached thereto, and must be governed by the laws applicable to the debt or liability out of which they grew.
Appellant held this land by deed, which he had caused to be acknowledged and lodged in the clerk’s office for record; but had not paid the tax on the same, hence the clerk had not recorded it. Still this deed, as between vendor and vendee, passed the legal title, and any subsequent vendee, we apprehend, might pay the fees and cause if to be recorded; so that from such recording the land would be protected against the creditors or subsequent innocent purchasers of appellant.
The sheriff caused the land to be valued, under oath, by two intelligent disinterested housekeepers of the county; but it is said that appellant should have had the privilege of selecting one of them. Subsection 8 of section 2, article 13, chapter 36, 1 Stanton’s Revised Statutes, 483, makes it the duty of the officer to cause it to be so valued. If he should permit the plaintiff and defendant each to select an appraiser, this would simply be a courtesy, and not the discharge of a legal duty or allowing them to exercise a legal right, for the legal duty and power to execute it belongs to the officer.
There is nothing in this record the least manifesting that the appraisement was procured by fraud or conspiracy of the plaintiff with the officer; hence, though witnesses might differ in opinion from the appraisers, as they usually do among themselves, this is certainly no cause for invalidating the sale.
*55 The policy of the statute is to secure to the defendant in the execution a year in which to redeem his land so sold, by paying the purchase.price .and ten per centum interest thereon, unless it shall sell for two thirds of its appraised value; and to ascertain this the officer is to cause it to be valued, under oath, by two disinterested intelligent housekeepers, which valuation is to be reduced to writing, signed, and returned with the execution. No statute requires it to bring two 'thirds.of what witnesses may regard its value, and such evidence is wholly irrelevant except so far as it may go to establish fraud by the plaintiff or officer. Nor does the statute require the certificate of the officer who may qualify the appraisers to accompany the written appraisement; but if the fact of such qualification be shown by the appraiser’s certificate or the officer’s return, this will' suffice; and which, in this case, is shown by both.
Wherefore the judgment is affirmed.