JUDGE HINES
delivered the opinion oe the court.
For the purpose of securing the payment of $780, due in twelve months, with interest, E. F. Finley and wife executed and acknowledged, January 1, 1875, to Spratt & Co., a mortgage on a certain parcel of land in the city of Louisville belonging to Mrs. Finley. Suit was instituted by Spratt & Co. on the 1st day of July, 1876, to foreclose the mortgage and for personal judgment. The pleadings being completed, and showing that the mortgage was not recorded or lodged for record until the 10th of July, 1876, the principal issue presented was whether the delay in recording the mortgage or in lodging for record rendered it inoperative. From the judgment of the court below, holding the mortgage effective from the date of record, this appeal is taken. The correctness of this ruling must be determined by reference to the General Statutes, as this precise question under the new revision has never been passed upon by this court.
Section 10 of chapter 24, on conveyances, provides that no mortgage shall be valid against creditors or against a purchaser for a valuable consideration, without notice, until acknowledged or proved according to law, and lodged for record.
Section 11 reads: “All bona fide deeds of trust or mortgage shall take effect in the order that the same shall be legally acknowledged or proved and lodged for record.”
*227 Section 14 is as follows: “Deeds made by residents of Kentucky, other than deeds of trust and mortgages, shall not be good against a purchaser for a valuable consideration not having notice thereof, or any creditor, except from the time the same shall be legally lodged for record, unless the same be so lodged within sixty days from the date thereof.”
Section 15 designates the persons before whom the deeds of others than married women may be acknowledged, and the proof upon which they may be admitted to record.
Sections 19 and 21 authorize a married woman to convey any real estate she may have, and provide for examination, separate and apart from her husband, for acknowledgment before the proper officer, and a lodgment for record in order to render the deed effectual.
Section 22 is as follows: “ Where deeds have been or may be legally executed, but not recorded or lodged for record in proper time, such deeds may be proved or acknowledged and recorded, and be as effectual from the time of so recording, as if recorded in proper time.”
The material difference between the General and the Revised Statutes is that the following provision, to wit, “This section shall not apply to the deed of a married'woman unless re - acknowledged by her and recorded thereafter in proper time,” contained in section 23, chapter 24 of the Revised Statutes, is omitted in section 22 of the General Statutes, which two sections are in other respects identical. And in the Revised Statutes the time for recording deeds, other than deeds of trust and mortgages, is eight months, while, as we have seen, the General Statutes limit the time to sixty days.
The difference between the law as it exists now and as it existed prior to this time is so marked that, in attempting to arrive at the legislative intention, as found in the General Statutes, we derive but little, if any, aid from the adjudications under the old statutes. For instance, the cases cited by coun *228 sel for appellant of Applegate v. Gracy, 9 Dana, and Scarborough v. Watkins and wife, 9 B. Mon., which construe the act of 1831, the 10th section of which is the same as the 22d section of the General Statutes referred to, appear to us to throw no light whatever upon the question presented under-the law as it now exists.
Sections 6 and 11 of the act of 1831, expressly provide a method for perfecting the deeds of married women when they had not been proved, acknowledged, or recorded in the time prescribed by law, and for cases where a dedimus potestatem, had not issued in the first instance, authorizing the justice to take the privy examination.
Judge Marshall, in Applegate v. Gracy, on this point says: “The express reference to femes covert, in these two sections, and the caution which is evinced in giving effect to their imperfect deeds, tend to destroy the inference that, in the 10th section, which makes no mention of femes covert, and makes no provision for any act to be done by a feme covert, or for the intervention of any proceeding for the ascertainment of facts which might affect her rights in equity and good conscience, the legislature intended, if they could, to make that obligatory upon her, by the mere act of a third and interested person, which was before wholly unobligatory by the express letter of the act of 1748.”
It will be observed that in the General Statutes there is no distinction made, as to the time of recording, between the deed of one not under disability and that of a married woman; nor as to the effect the recording shall have. There is nothing, either in the chapter on conveyances or in that on husband and wife, that in any way indicates that section 22 was intended to be restricted to persons sui juris, while the omission in that section of the latter part of section 23 of the Revised Statutes, excepting from its operation the deeds of married women, as clearly manifest the intention of the legislature to *229 do away with the distinction as could well be done. But waiving this consideration, the statute having empowered married women to convey their real estate, the term “ deed,” whenever used without words of restriction, would be taken to refer to conveyances, whether executed by the husband or by the wife.
The gradual and uniform intention and tendency of the statutes in this state have been to facilitate the passing of the estates of married women, until the safeguards of a privy examination before a designated officer, a lodging for record in the proper office, and the joining of the husband in the conveyance, or a prior conveyance by him, are the only restrictions remaining upon their power of alienation that do not, apply as well to persons not under disability.
From a careful consideration of the statutes we conclude: That the deed of a married woman, like that of a person sui juris, will be good against a purchaser for a valuable consideration, or against creditors, from its date, if it be legally lodged for record within sixty days thereafter; and if not legally lodged for record within that time, it will be effectual whenever so lodged, and from the date of such lodgment. That the mortgage of a married woman, like that of one sui juris, will be good at any time, when legally lodged for record.
Wherefore the judgment is affirmed.