Dugan v. Corn.

CASE 33—DEED—FEME COVERT—JUNE 25, 1884.

# ·Dugan v. Corn.

### APPEAL FROM CARROLL CIRCUIT COURT.

1. A deed of conveyance made by a married woman is not valid under *Rev. Stats.*, chap. 24, secs. 14 *and* 23, unless it had been lodged in the proper office for record within eight months from its date.

WINSLOWS, ATTORNEY FOR APPELLANT.

1. The deed from appellant not having been lodged for record within eight months from its date is, as to her, void. Rev. Stats., 1'vol., p. 283; Applegate v. Gracy, 9 Dana, 215; 6 Bush, 552; Burton v. Shotwell, 13. Bush, 284; Ford v. Gregory, 10 B. Mon., 180; Finley v. Spratt, 14 Bush, 227.

MASTERSON & GAUNT AND GEO. C. DRANE FOR APPELLEE.

1. By the provision of sec. 22, chap. 24, Gen. Stats., all deeds which have been or may be legally executed but not recorded in proper time, may be recorded and be as effectual from the time of so recording as if recorded in proper time. Finley v. Spratt, 14 Bush.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Thomas Dugan, husband of appellant, in May, 1867, sold, delivered possession of, and executed a covenant to convey to McBrayer two lots of land, in the town of Carrollton, whereon was a hotel building, in consideration of $1,350, for which a bill of exchange was drawn, and a lot of whisky to be thereafter delivered.

In February, 1868, an action on the bill of exchange was instituted by Dugan against McBrayer and others in the Jefferson court of common pleas, which was afterwards transferred to the Louisville chancery court, when, in June, 1869, a personal judgment was rendered for the amount sued for.

During the pendency of this action, to which defense was made, Dugan filed with his pleading and tendered

in court a deed to the hotel property executed in December, 1867, by him and appellant to McBrayer, which appears to have been acknowledged in due form of law by each of them.

In July, 1868, Dugan instituted an action in the Carroll circuit court to recover judgment for the value of the whisky, which he alleged McBrayer had failed to deliver, and for the enforcement of his lien on the property sold. In his petition he stated that in accordance with his contract he had executed and tendered to McBrayer a deed conveying to him the property, retaining a lien as was agreed in the title bond, which deed was then on file in the Louisville chancery court.

To that action no defense was made, and in September, 1868, judgment was rendered against McBrayer for the value of the whisky, and for a sale of the property to satisfy it. And afterwards, it was in pursuance of the judgment sold and purchased by one Brewer, who transferred his bid to appellee, the latter paying the purchase price, and in March, 1870, receiving a commissioner's deed and the possession of the hotel property.

Thomas Dugan died in March, 1873, and in April, 1878, appellant instituted this action for the allotment to her of dower in the property and recovery of one third in value of rents accruing from that time.

The deed executed by Thomas Dugan and wife in December, 1867, and tendered to McBrayer, was never recorded or lodged for record in the proper office until August, 1878, when it was withdrawn by appellee from the Louisville chancery court, and as appears from the certificate of the clerk of the Carroll county court produced to him and admitted to record in his office.

The question now presented is, whether appellant is, notwithstanding the deed duly executed and acknowledged by her husband and herself to McBrayer, in 1867, entitled to dower in the hotel property.

Section 15, chapter 24, Revised Statutes, which has been re-adopted in the General Statutes, is as follows: "Deeds made by residents of Kentucky, other than deeds of trust and mortgages, shall not be good against a purchaser for a valuable consideration, not having notice thereof, or any creditor, except from the time the same shall be legally acknowledged or proved and lodged for record, unless the same be so lodged within eight months from the date thereof."

Section 23 provides, that "where deeds have been or may be legally executed, but not recorded or lodged for record, in proper time, such deeds may be proved or acknowledged and recorded, and be as effectual from the time of so recording, as if recorded in proper time. *This section shall not apply to the deed of a married woman unless acknowledged by her and recorded thereafter in proper time.*"

According to the construction by this court of statutes on the same subject existing previous to the act of 1831 (Statute Law, 453), which were not essentially different from the two sections just quoted, "the obligatory force upon a married woman of a deed executed by her depended upon it being recorded or lodged for record in the proper office within eight months from its date; and this not being done, it became incapable of being rendered obligatory, except by her own act." Applegate v. Gracy, 9 Dana, 215; Scarborough v. Watkins and Wife, 9 B. M., 540. And the Revised Statutes

have since their adoption been construed the same way. McGuire v. Bowman, 550; Burton v. Shotwell, 13 Bush, 271.

The tenth section of the act of 1831, in substance, provides, that deeds which have been, or shall be duly proved and acknowledged, but not lodged for record in the proper office within the time prescribed by law, may, nevertheless, be recorded, and from the time of recording be as effectual as if recorded in proper time.

That section is substantially the same as section 22, chapter 24, General Statutes, and from both of them is omitted the exception in favor of married women contained in the last clause of section 23, Revised Statutes, quoted.

In the case of Applegate v. Gracy, the deed of the *feme covert* was made, and the time prescribed by law in which it might be lodged for record had expired before the passage of the act of 1831, and the court, for that reason held, the tenth section did not extend to or apply in that case. And although the question whether, by fair construction, the section could be made to apply to a deed of a *feme covert* in any case, as well as the question of legislative power to give vitality to a deed that had already lost its obligatory force, were suggested in the opinion of the court, it was not deemed necessary to decide either of them.

In the case of Finley, &c., v. Spratt & Co., 14 Bush, 225, it was held that "the deed of a married woman, like that of a person *sui juris*, will be good against a purchaser for a valuable consideration, or against creditors from its date, if it be legally lodged for record within sixty days thereafter; and if not lodged for

.record within that time, it will be effectual whenever so .lodged." But in that case the deed was executed after the adoption of the General Statutes, which were held to be materially different from the Revised Statutes on :the same subject.

The construction given by this court to the Revised Statutes, as well as similar statutes existing previous to 1831, has been uniform, and adhered to too long to be .now called in question. And as the Revised Statutes were in force at the end of eight months from the time the deed was executed and acknowledged in 1867, as well as when the death of Thomas Dugan, the husband .of appellant, occurred in 1873, when, what was before a .contingent right of appellant to dower in the hotel property, became vested and certain, they must be held to govern in this case. For independent of the ruling .of this court heretofore on the same subject, and of the .question of constitutional power that might have :arisen, the Legislature has expressly provided in section 3, article 1 of the act adopting the General Statutes, that no right before that time established, accrued, or :accruing, should be affected thereby.

There is nothing in this record to show that appellant ever re-acknowledged the deed made by her husband :and herself to McBrayer in 1867, which is now relied .on to defeat her claim to dower; in fact, it clearly :appears she never has done so.

She was not a party to the action of her husband :against McBrayer and others in the Louisville chancery .court, nor to the one in the Carroll circuit court, and .consequently she is not bound or estopped by the pro-.ceedings had in either.

She executed and acknowledged the deed in 1867, and it was not by reason of any fraud on her part that it subsequently became inoperative, but simply because McBrayer failed to cause it to be lodged for record within the time required by law. Nor was the failure by appellee to require a re-acknowledgment of the deed of 1867, or relinquishment of her dower as a condition of his acceptance of the commissioner's deed and payment of the purchase price for the hotel property, caused by her, but must be attributed to his own neglect.

It does not make any difference whether the deed of 1867 was delivered by Thomas Dugan, or merely tendered and not accepted by McBrayer. For, by reason of the failure to lodge it for record in the proper office within eight months from the time it was acknowledged by appellant, it ceased to be obligatory upon her, and her contingent right of dower thereafter existed as if the deed had never been acknowledged at all.

Wherefore the judgment dismissing appellant's petition is reversed, and cause remanded for further proceedings consistent with this opinion.