CASE 63—ACTION TO QUIET TITLE—JANUARY 31.

## Crawford, by Guardian, Etc. v. Tate.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

COVERTURE—CONVEYANCE BY HUSBAND AND WIFE SINCE ACT OF 1894—
DEATH OF GRANTOR BEFORE RECORDING.—A deed duly executed,
acknowledged and delivered by husband and wife of the latter's
land since the married woman's act of 1894, vests the title in the
vendee, though the *feme covert* grantor die before the convey-
ance is recorded; and the same may be recorded at any time
after the grantor's death.

SIMRALL, BODLEY & DOOLAN, FOR THE APPELLANTS.

1. The deed from Abbe T. Crawford and her husband to the appel-
lee did not become effective until the moment when it was
lodged for record, and as this did not occur until after the
death of the *feme covert* grantor, her title passed by descent to
her heir. Scarborough v. Watkins, &c., 9 B. M., 551; Finley v.
Spratt, 14 Bush, 225; Virginia, Act of, 1734, Henning's Statutes
at Large; Virginia, Act of 1748, 1 Morehead & B., 431; Revised
Statutes; Gen't. Stats.; Ky. Stats.; Rover v. Roanoke Natl.
Bank, 83 Va., 589; Virginia Code of 1873, chapter 114; 23 Am. &
Eng. Ency. of Law, p. 357; Ky. Stats., sec. 460.

CHARLES M. LINDSAY FOR THE APPELLEE.   (BRIEF NOT IN RECORD.)

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

On the 9th day of January, 1895, Abbe T. Crawford and her husband George M. Crawford, conveyed to the appellee, Jeannette I. Tate, a certain lot or parcel of real estate in the city of Louisville, Ky., which deed was on said date duly

acknowledged by the grantors, and delivered to the grantee, and the same was duly recorded in the proper office on the 24th day of March, 1897. It, however, appears that the grantor Abbe T. Crawford died on the 21st day of January, 1895, after the execution and delivery of the deed aforesaid. The appellants Magnus T. and George M. Crawford are children and heirs at law of Abbe T. Crawford. The object of this action was to quiet the title of the appellee to the real estate in controversy. The defendants in the court below demurred to the petition, which demurrer was overruled by the court, and, appellants declining to answer, judgment was rendered in favor of the appellee, and from that judgment this appeal is prosecuted.

The sole question presented for decision is whether the title to the real estate in question passed to the appellee. The contention of appellants is that, inasmuch as the deed was not lodged for record during the lifetime of the vendor, the recording afterwards was null and void; or, in other words, that, upon the death of the grantor, Abbe T. Crawford, who had been the owner of the land, the title descended to her heirs.

The contention of appellee is that the acknowledgment and delivery of the deed to her by the vendors in their lifetime passed the right, title, and control in and to the land to the vendee, and that she, at any time, had a right to have the deed recorded, and when that was done her title was perfected as against the appellants. We are not aware that the precise question presented has ever been decided by this court. Under the Revised Statutes of Kentucky, it was specially provided that the deed of a married woman, to be effectual against her, must be recorded within eight months from its acknowledgment.

Section 10, c. 24, General Statutes, provided that no

deed of trust or mortgage conveying the legal or equitable title to real or personal estate should be valid against a purchaser without notice thereof, or against creditors, until such deed shall be acknowledged or proved according to law, and lodged for record.

Section 14 provided, in effect, that deeds of trust and mortgages shall not be good against a purchaser for valuable consideration not having notice thereof, or any creditor, except from the time same shall be legally lodged for record, unless the same shall be lodged within sixty days from the date thereof.

Section 19 provided that married women may convey any real or personal estate which they own, or in which they have an interest, legal or equitable, in possession, reversion, or remainder.

Section 20 provided that conveyances may be by general deed of husband and wife, or by separate instrument; but, in the latter case, the husband must first convey or have theretofore conveyed. The deed as to the husband may be acknowledged, or proved and recorded, as heretofore provided.

Section 21 provides that the deed of a married woman, to be effectual, shall be acknowledged before some of the officers named in the preceding sections, and lodged in the proper office for record.

The Kentucky Statutes (sections 505-507), as enacted prior to 1894, contain similar provisions to those heretofore quoted as being in the General Statutes.

In the case of Prewitt v. Graves, 5 J. J. Marsh., 123, this court, in discussing how the title of a married woman might vest in her vendee, said: "Now, under the statute of Henry VIII., the enrollment of a deed was as indispensable to the passing of the title from

the bargainor to the bargainee as the recording of a relinquishment by *feme covert* can be under the statutes of this State. As, therefore, the death of the bargainor before enrollment did not affect the right of the bargainee, provided the deed was enrolled within six months, but the enrollment, within that time, vested the title from the delivery, by relation, it would appear to be a reasonable conclusion that, if the relinquishment of a *feme covert* be recorded in proper time, her death, prior to the recording, should not affect the title; and that, consequently, it would be good from the date of her relinquishment."

It seems from the foregoing that the court was of opinion that, if the conveyance was recorded within the time required by the statute for the recording of deeds, the title passed, although the vendor was dead at the time of the recording. Under the statute in force at the time of the execution of the deed in contest, there is no time fixed in which a deed shall be lodged for record. In the case of Finley v. Spratt, 14 Bush, 229, this court, considering the question as to the validity of a mortgage not lodged for record within the time mentioned in the statute in force at that time (which required the mortgage to be lodged for record within 60 days from date to be effectual against innocent purchasers, etc.), said: "From a careful consideration of the statutes, we conclude that the deed of a married woman, like that of a person *sui juris*, will be good against a purchaser for a valuable consideration, or against creditors from its date, if it be legally lodged for record within sixty days thereafter; and if not legally lodged for record within that time, it will be effectual whenever so lodged, and from the date of such lodgment. That the mortgage of a married woman, like that of one *sui juris*, will be good at any time, when legally lodged for record."

It must be remembered that the deed in contest was executed after the passage of the act known as the "Weissinger Law," and the provisions of said law necessarily govern. Said act is incorporated in the Kentucky Statutes, and section 2128 provides that a married woman may take, acquire, and hold property, real and personal, by gift, devise, or descent, or by purchase, and she may, in her own name, as if she was unmarried, sell and dispose of her personal property. She may make contracts, and sue and be sued, as a single woman, except that she may not make any executory contract to sell or convey or mortgage her real estate, unless her husband join in such contract.

Section 2129 reads as follows: "Husband and wife may sell and convey her lands and chattels real, but the conveyance must be acknowledged and recorded in the same manner required by the chapter on conveyances."

It seems to us that the law is well settled that the execution, acknowledgment, and delivery of a deed pass title as between the vendor and vendee in all cases, except in cases where the statute makes other provisions or requires other things to be done, as was at one time the case in regard to married women. A deed is legally lodged for record when properly acknowledged, and left with the clerk, and the tax paid. It then becomes effectual against all persons as well as the vendor. In the case of Knight v. Whitman, 6 Bush, 54, [99 Am. Dec., 652], it appears that the land had been conveyed to Knight by deed acknowledged and left in the clerk's office, but the tax had not been paid thereon, and Whitman caused the land to be levied on and sold under execution; and the validity of the sale was attacked upon that as well as other grounds. In discussing the question the court said: "The appellant held

Crawford, by Guardian, &c., v. Tate.

this land by deed which he had caused to be acknowledged and lodged in the clerk's office for record, but had not paid the tax on the same; hence the clerk had not recorded it. Still this deed, as between vendor and vendee, passed the legal title, and any subsequent vendee, we apprehend, may pay the fees and cause it to be recorded, so that, from such recording, the land would be protected against the creditors or subsequent innocent purchasers of appellant."

It will be observed that section 2128, Kentucky Statutes, heretofore referred to, gives plenary power to a married woman, in connection with her husband, to make an executory contract to sell or convey or mortgage her real estate, if the husband unites with her; and, clearly, nothing else than an actual execution of such contract is necessary to make the contract enforceable, and bind her, as well as bind any other person claiming through or under her.

We take it that if can not be doubted that a deed executed, acknowledged, and delivered must of necessity have as much legal force and binding effect as a simple title bond, or other agreement to convey or mortgage. Hence it follows that, even if the legal title did not pass to the appellee by the recording of the deed after the death of the vendor, yet she had, in the lifetime of the vendor, an enforceable contract for the land, and, a court of equity having all the parties before it, it was proper to render such judgment as the law would give to the plaintiff, although such relief was not specially prayed for; or, in other words, if the plaintiff was entitled to relief under the law and facts, but was mistaken in the reasons given under and by which she claimed the relief, still the relief should be granted.

We are of opinion that the appellee in this case had a

legal right to have the deed recorded after the death of
the vendor, and that when recorded she had a perfect
title as against all the world. The deceased vendor hav-
ing conveyed her title during her lifetime by deed duly
acknowledged and delivered, and having ceased to have any
legal or equitable title to the land there was nothing to de-
scend to the appellants herein.

It is worthy of note, too, that while sec-
tion 2129, Kentucky Statutes, before quoted, says
that the conveyance of a husband and wife must be ac-
knowledged and recorded in the same manner as required
by chapter on conveyances, yet it omits the important
and significant expression used in the former statute,
namely, "to be effectual, must be lodged for record." So
that, if the former expression can be properly construed
to mean that a married woman or her heirs can, after the
acknowledgment and delivery of a deed, but before it is
lodged for record, repudiate the contract, and hold the
land, yet that provision, having been omitted entirely
from the act of March 15, 1894, known as the "Weissinger
Act," can have no application to deeds executed since the
act under consideration took effect. It seems clear to us
that, since the Weissinger act took effect, the general law
applicable to the sale and conveyance of real estate in all
respects governs the sale and conveyance of the property
of a married woman, save and except the one fact that her
husband must unite with her in such sale and conveyance.

Judgment affirmed.

**Whole** court sitting. Judge White dissenting.