CASE 83.—ACTION BY R. PITTMON AGAINST VICTORY
FLOWERS AND ANOTHER TO CANCEL A DEED.—
February 5

# Pittmon v. Flowers, &c.

Appeal from Clinton Circuit Court.

M. L. JARVIS, Circuit Judge.

Judgment for defendants, plaintiffs appeal—Affirmed.

1. Deeds—Delivery—Sufficiency—Delivery to Third Person—
Parents.—If a deed was delivered to the grantee's mother
as the grantor's agent to place it among the grantor's papers,
without any intention of parting with control of the deed,
title would not pass to the child; but, if it was delivered
to the mother for the child, title would pass.
2. Same—Evidence—Presumptions—Delivery—Delivery to Parent.—The delivery of a deed to the grantee's mother, without
any directions as to the purpose of the delivery, will be
presumed to be for the child's benefit, and acceptance for
the child will be presumed.

E. BERTRAM for appellant.

### AUTHORITIES CITED.

As to delivery of deed. (Colyer v. Hyden, &c., 15 Ky. Law Rep.
101; Martin v. Bates' Guardian, &c., 20 Ky. Law Rep. 1798;
Koger, &c., v. Koger, &c., 29 Ky. Law Rep. 236.

S. G. SMITH for appellees.

### AUTHORITIES CITED.

Colyer v. Hyden, et al., 21 S. W. (Ky.) 868; Tiedeman on Real

Property (2d ed.) 798; Tiedeman on Real Property (2d ed.) 814; Akers v. Shoemaker, et al., 102 S. W. (Ky.) 842; Civil Code of Practice, subsec. 2, sec. 606; Mullins, et al., v. Mullins, 87 S. W. (Ky.) 764; Owens v. Tucker, 90 Ky. 297; Locknane, &c., v. Hoskins, 69 S. W. (Ky.) 719; Bunnell, &c., v. Bunnell, &c., 64 S. W. (Ky.) 420.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

On the 2d day of June, 1903, appellant, R. Pittmon, made and executed a deed of conveyance to appellee Jasper M. Flowers of about 80 acres of land, worth from $600 to $800. The only consideration named in the deed was "love and affection." The deed was prepared in the usual form. At the time of the conveyance, Jasper M. Flowers was five years of age. Appellant, in the month of November, 1907, filed this action, by which he sought to have the deed canceled, and to recover possession of the land, which the child and its mother, Victory Flowers, were in possession of. He alleged that the real consideration for the conveyance was that the child should remain with and labor for him until it arrived at the age of 21 years. He also alleged that the child's mother had left his home and carried the child with her to the land sued for; that he had never delivered the deed to the child, or to any one for it; that its mother, appellee Victory Flowers, had, without his knowledge or consent, taken it from a box in which he kept his papers and had it recorded. Appellees answered, controverting all the allegations of the petition.

Conceding, for the purpose of this case, appellant's competency as a witness against the infant appellee, he fails to show by sufficient testimony the truth of the allegations of his petition. He admits that he executed the deed before a deputy clerk and handed

it to the mother of the child, but claims, however, that he told her, at the time, to put it in a box with his other papers. The mother testified that when the deed was delivered to her she was told by appellant that she could have it recorded when she was ready to do so, which she did about 12 months thereafter, and that she was not told by appellant to place it with his papers. The deputy clerk who took the acknowledgment testified that the deed was handed by appellant to the mother of the child, but did not remember what, if anything, was said with reference to what should be done with it. This was all the testimony introduced upon this question. The testimony further showed that the mother of the child made her home with appellant for about 14 years, and had performed all the household work for him, and that, when she left his house to go to the land conveyed to her child, appellant assisted her in moving. She also testified that there was no agreement whatever to the effect that the child should remain with appellant until it was 21 years old, or that this was any part of the consideration for the execution of the conveyance.

If the deed was delivered by appellant to the mother of the child, as his agent, to be placed among his papers, and not with the intention of parting with the possession or control thereof, then it was not a delivery which passed the title to the child; but if he delivered it to her for the child then the title did pass to it, and if he delivered it to her without any direction with reference thereto the presumption would be that it was for the benefit of the child, and the title would pass to it. When a deed conveying land to an infant is delivered to the mother for the infant, the law presumes an acceptance for the benefit of the

child.   Hacker v. Hoover, 66 S. W. 382, 23 Ky. Law Rep. 1848, and Lay v. Lay, 66 S. W. 371, 23 Ky. Law Rep. 1817.

There was no proof that this deed' was purloined from the box in which appellant kept his papers, or that it was ever in this box after he delivered it to the mother.

For these reasons, the judgment of the lower court is affirmed.