# Litteral et al. v. Angel et al.

December 3, 1946.

H. M. Sutton and Joe S. Feather for appellants.

R. L. Brown for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming.

The question is whether certain deeds executed by William Angel to his nine children had been delivered or accepted within the meaning of the law. Mr. Angel met his death by being struck by a truck on the highway in Whitley County in October 1939. Prior to that time, on September 14, 1936, he had executed deeds conveying certain real estate to his nine living children. Seven of these deeds undertook to convey seven separate tracts, one to each of seven of his children, the other two, unmarried daughters, being conveyed another tract jointly.

The deed to the unmarried daughters conveyed the "home place" during their lives with right of survivorship, with fee simple remainder to children, if any, at the time of the death of the survivor. If neither should leave a child, or children, nor their descendants at the

death of the survivor, then the remainder in fee was to go to the grandchildren of grantor, or their descendants living at the death of the survivor. Each of the other deeds was to the grantee (in one case Kermit Angel) during the life of the grantee, the fee simple remainder to children, if any, at the time of grantee's death; if no children nor descendants, then the fee to all grandchildren of the grantor, or their descendants.

Plaintiffs below were all the children of deceased except Fannie Angel Litteral, who with her husband and their four children, and minor children of plaintiffs, and the unknown heirs of William Angel were defendants. These latter are appellants. The petition alleges the above facts, and further that Mr. Angel, at the time a widower, and owning and in possession of about 500 acres of land, on the date above mentioned (nearly three years prior to his death) attempted to convey all the land in the manner stated. It was alleged that the eight deeds were executed by Mr. Angel and left with the attorney who drew them, with orders to hold them subject to his, grantor's, further orders, he stating at the time that he might decide to change them at some later date, and that he did not desire anyone to know of his having executed the deeds.

It was alleged that plaintiffs had no knowledge of the execution of the deeds in question until after the death of the father; that during the time intervening between the making of the deeds and his death, the grantor held possession of the lands embraced in the deeds, listed them for taxation, paid the taxes, receiving rents and profits. It was alleged that during this period the father had the right to recall the deeds, and to dispose of the properties at will. That some of the deeds are still in the possession of the attorney who drew them, others in the possession of some of the grantees, but none was delivered by grantor during his lifetime, nor at any time by anyone acting for him. Their prayer was that the court hold the deeds to be ineffective, and that title to the properties pass to the children of grantor in fee simple, under the laws of descent and distribution.

Appellee, Fannie Litteral, defendant below, filed general demurrer. The duly appointed guardian for the infant defendants filed report, saying that he could

make no valid defense in their behalf. The demurrer was overruled. Mrs. Litteral did not file any responsive pleading. The guardian ad litem suggested in answer that since rights of infants were involved, it would be wise to take some proof on the sole issue.

Thereafter the depositions of the attorney who drew the deeds, and a relative of Mr. Angel who was present in his office at the time they were executed, were taken. The attorney said that Mr. Angel came to his office prior to the preparation of the deeds, and told him that he was in poor health and desired to make deeds to his children for his lands. Counsel suggested that the first step would be to have the land surveyed, which was done. Later, at Mr. Angel's suggestion, he prepared deeds following the boundaries furnished by the surveyor. After being executed they were left with counsel, with directions to keep them in his safe, at the same time requesting counsel not to say anything about their execution, especially to his children. He also said he was not sure how he wanted them; that he might come later and have them changed. Counsel said: ''I was holding the deeds for him and waiting for further orders as to what to do with them.''

An uncle of Mr. Angel said that he was in the attorney's office when the deeds were executed; that he took one of the deeds and was reading it and Mr. Angel took it from him, it appearing that Mr. Angel did not want him to know its contents. He gathered from the conversation between counsel and Mr. Angel that the former was to retain possession of them so that Mr. Angel, if he so desired, might change them.

The case was submitted on the pleadings and proof; the chancellor holding that there had been no delivery during the life of the grantor, who had held possession of all deeds, as well as the properties, and adjudged that they were ineffective, and ordered them cancelled.

Counsel for appellant, admitting the generally applied rule in respect of delivery and acceptance of deeds, insists that because Mr. Angel left the deeds with counsel for nearly three years raises a presumption that they were left with direction to make delivery after his death. It is argued that such presumption gains strength because of the fact that the interests of infants were in-

volved, and it was apparent that the grantor was endeavoring to see that his grandchildren were to benefit. The case of Kirby v. Hulette, 174 Ky. 257, 192 S. W. 63, is referred to, counsel saying it is held therein that where rights of infants are involved, there is presumption of delivery or, as stated, that Mr. Angel had left the deeds with counsel with directions to deliver after his death.

When we turn to the Kirby case we find that what was said was that in such cases the presumption of delivery and acceptance of deeds to infant grantees is indulged to a greater extent than in deeds to adults, and if the deed is beneficial to the infant, its acceptance is presumed, but there cannot be a presumption of acceptance unless there has been a delivery. Pittmon v. Flowers, 131 Ky. 804, 115 S. W. 786, 133 Am. St. Rep. 273. The difficulty here is that the attorney who drew the deeds makes it clear that the deeds were held by him at the instance of grantor, who said that he might later make some sort of change. The rule is well stated in the Kirby case (174 Ky. 257, 192 S. W. 68) : "One of the established rules by which to determine whether the grantor intends to deliver the deed and to divest himself of the title, for the benefit of the grantee, is that the grantor parts with all control over the deed, and retains no right to recall it or to otherwise dispose of it, and in case of a delivery of an executed deed by a grantor to a third person, the above rule seems to be controlling as to the grantor's intention upon the subject of the delivery. * * *."

The general rule is well established by many of our opinions. Stated succinctly, it is to the effect that no delivery is effectuated where delivery is to a third party, unless the grantor directs the third party to make delivery either before or after grantor's death, or unless grantor gives up all control of the documents, and reserves no right to have future controls, or the right to alter. We have also held that there must be actual or constructive delivery and acceptance. Mason's Guardian v. Soaper, 232 Ky. 525, 23 S. W. 2d 956; Howard v. Arnett's Adm'r, 294 Ky. 167, 171 S. W. 2d 228; Fitzpatrick v. Layne, 291 Ky. 523, 165 S. W. 2d 13; Slayden v. Johnson, 296 Ky. 598, 178 S. W. 2d 36, all citing former applicable opinions. In these cases we held to the established rule, that while the delivery of a deed may be ac-

tual or constructive, in any event there must always be an intent upon the part of the grantor to transfer title, coupled with some act by which he parts with control over the instrument.

Under these authorities, as the case was presented to the chancellor, we are compelled to hold that he was correct in adjudging no delivery, and directing that they be cancelled.

Judgment affirmed.