**Charles RAND, Plaintiff,**

v.

**M. A. RAND, Individually, and M. A. Rand, Administratrix of the Estate of Ed Rand, Deceased, and Citizens Deposit Bank, a Corporation, Defendants.**

**No. 327.**

United States District Court
E. D. Kentucky, Catlettsburg Division.

June 19, 1955.

Frank K. Warnock, Greenup, Ky., M. O. Litz, H. D. Rollins, Charleston, W. Va., for plaintiff.

Harvey Parker, Jr., Vanceburg, Ky., Simeon Willis, Ashland, Ky., Charles H. Riedinger, Vanceburg, Ky., for defendants.

SWINFORD, District Judge.

Ed Rand, a man of training and education as an engineer, died intestate on October 31, 1952, a resident of Vanceburg, Kentucky. His wife, M. A. Rand, one of the defendants, survived him. He had no children. His nearest surviving relative was his brother, Charles Rand, the plaintiff in this action.

This action is brought by his brother to determine the ownership of two items of property; one is a tract of wild land in Lewis County, Kentucky, supposed to contain about four thousand acres; the other is a bank account in the Citizens Deposit Bank of Vanceburg, Kentucky, under the name of Rand Engineering, Equipment and Supply Company. At the time of Ed Rand's death there was approximately $19,000 in this account. The plaintiff contends that the land and bank account were the property of his brother, the deceased, and should descend to him as his nearest heir, subject to the right of M. A. Rand as his brother's widow.

The defendant, M. A. Rand, asserts ownership to the land by reason of a deed to her from her husband executed about five years before his death. She asserts ownership to the money in the bank and had it transferred to her name on the basis of her claim that she was the sole owner of the Rand Engineering, Equipment and Supply Company and had been for about five years prior to the death of her husband by reason of his transfer to her of all interest in the company and all of his property held in the name of the company.

The issue in this case is clear and sharp. A decision of the case must turn upon what was the intention of Ed Rand at the time he executed the deed and at the time he transferred, if he did transfer, his interest in the Rand Engineering, Equipment and Supply Company to his wife. The date fixed by the record for these transactions is August 7, 1947. These transactions were purely voluntary and made for the consideration of natural love and affection which Ed Rand had for his wife. No creditors are involved and no claim is made of fraud or undue influence. Insofar as the record shows, the deceased was a strong minded man, both on August 7, 1947, the time of the alleged transfers, and at all times until his death. He was about 70 years of age at the time he died. His wife was about the same age.

It should be pointed out that while the large amount of acreage would indicate a large estate, the exact value of the land is not developed by the proof. However, a sale of a part of the land of about eight hundred acres on the 21st day of February, 1948, for $2,500 would indicate that it was of little value. One of the witnesses testified that it was very rocky and thin land and inferred that it was apparently worthless land except for timber.

Another fact which should be recited is that the administratrix found in the lock box of the deceased the sum of $11,000 in cash.

The facts in relation to the transfer of both the real estate and the bank account are not in dispute. With reference to the deed it was executed and delivered in the following way. On August

7, 1947, Ed Rand wrote on a piece of paper, but did not sign, the following:

"For and in consideration of love and affection, and the desire to provide for the future needs of my wife, M. A. Rand, in case of my death prior to her decease,

"I hereby transfer and assign to my said wife, M. A. Rand, all of my personal estate of every kind and wherever located for her use and benefit, I to act as her agent to care for such estate during my natural life, or so long as I may be able to do so.

"Witness my hand this 7th Day of August, 1947."

On the same day he wrote a deed to M. A. Rand reciting that he was conveying to her all of his right, title and interest in the land described in the deed. The deed was taken to the office of George M. Plummer, the County Court Clerk of Lewis County, Kentucky, and delivered to him by Ed Rand with the direction that he keep it but not record it for the present. The deed was not recorded until after the death of the grantor. The defendant, M. A. Rand, had knowledge of all of these transactions and was fully advised of the action of her husband. A carbon copy of the deed was given to her at the time.

On the same date, August 7, 1947, the deceased dissolved the partnership, composed of himself and the husbands of his two stepdaughters, of the Rand Engineering, Equipment and Supply Company and divided between the partners the proceeds of all the property owned by the company.

At the time the deed was delivered to the clerk of the county court, Ed Rand also presented the following document which was duly executed before the court as indicated by the document itself.

"Certificate of Person Doing Business under an Assumed Name

"The affiant, Ed Rand, being first duly sworn, states as follows:

"That the original firm, doing business under the name of Rand Engineering Equipment and Supply Company, with Vanceburg, Kentucky being its principal place of doing business, has this day been dissolved and its assets distributed and the business re-organized under the same name but owned solely by M. A. Rand of Vanceburg, Kentucky, and the said business will continue its former status of dealing in Engineering equipment and supplies with its principal place of business at Vanceburg, Kentucky, under the sole ownership of M. A. Rand.

"Further the affiant sayeth not.
Ed Rand

"Subscribed and sworn to before me by Ed Rand, personally, and known to me to be the affiant herein, this 7th day of August, 1947.
George M. Plummer
Notary Public, Lewis
(SEAL) County, Ky.
"My Co., Exp. 3/25/1950"

Ed Rand and M. A. Rand had been married for a great many years. It is apparent that the property had been accumulated during these years and was not an estate which he had inherited from a common ancestor of his and his brother, Charles. He was suffering from a heart condition. He felt a natural obligation to his wife of many years and was attempting to divest himself of all property and give it to her subject to his control of the property, as her agent, with the idea of making her secure insofar as possible in the event of his death. For the remaining five years of his life he continued to use the property and to draw on the bank account and in a general way to conduct his affairs as he had prior to August 7, 1947. There is nothing in the record to indicate that he felt any obligation to his brother who lived in another state and who had apparently contributed nothing to the accumulation of this relatively small estate.

The sole question presented for determination is whether this evidence and reasonable inferences which may be drawn from it are sufficient in law to

establish an inter vivos gift of the bank account and the real estate by the husband, Ed Rand, to his wife, the defendant, M. A. Rand. The accepted rule with reference to gifts inter vivos is that there must be an intention to transfer title to the property, a delivery by the donor and an acceptance by the donee. Hale v. Hale, 189 Ky. 171, 224 S.W. 1078. This evidence must be clear and convincing. The declaration of the donor at the time the gift is made of his intention to make it and his actions, both before and after, are relevant testimony upon the issue. Reynolds v. Thompson, 161 Ky. 772, 171 S.W. 379; Goodan v. Goodan, 184 Ky. 79, 211 S.W. 423.

■■ I am of the opinion that the evidence in this case meets all the requirements of the rule of a complete transfer of the property in question. It was clearly the intention of the donor that the business of the Rand Engineering, Equipment and Supply Company for all future purposes was to be in the name of M. A. Rand and her business for which he was to act as her agent. The deed to the real estate was executed and delivered to be recorded with full knowledge of the grantee. The fact that there were no tax stamps placed upon the deed cannot defeat the transfer. A deed duly acknowledged and lodged for record passes the legal title between the vendor and vendee although the tax was not paid thereon. Knight v. Whitman, 6 Bush 51, 69 Ky. 51; Crawford v. Tate, 105 Ky. 502, 49 S.W. 307.

■■ In neither of these transfers was there any condition on which the donor was to resume control or dominion as owner over the property. It is well settled that a valid gift inter vivos, even with postponement of enjoyment, may be made if there is an unconditional delivery and the donor parts with all present and future control of the property. It

is also the rule that the delivery need not be made to the donee personally. Goodan v. Goodan, supra. At no time in the remaining five years of his life did Ed Rand seek to undo any of his acts in transferring this property to his wife.

■■ Where the grantor intended to deliver the deed by depositing it for record, the deed becomes operative immediately. 16 Am.Jur. 515. He had parted with all control over the deed and retained no right to recall it or otherwise dispose of it, which is a strong fact in determining his intent. Litteral v. Angel, 303 Ky. 455, 198 S.W.2d 45. The delivery passes title notwithstanding the deed did not actually reach the grantee until after the grantor's death. 16 Am. Jur. 509. Where the grantor has executed a deed by signing it, completely acknowledging it, and causing it to be lodged for record, a prima facie case of delivery is made. Cates v. Cates, 152 Ky. 47, 153 S.W. 10.

I am of the opinion that the evidence clearly establishes the fact that Ed Rand intended to transfer both the real and personal property described in this case to his wife, M. A. Rand, on or about August 7, 1947; that the money in the bank account of the Rand Engineering, Equipment and Supply Company at the time of the death of Ed Rand and the title to the real estate described in the deed were in the defendant, M. A. Rand; and that the estate of Ed Rand has no interest whatsoever in either of these properties.

The plaintiff's complaint should be dismissed and the defendants have judgment for their costs. An order to that effect is this day entered.

The court is of the further opinion that this memorandum sufficiently sets forth the findings of fact and conclusions of law of the court. Fed.Rules Civ.Proc. rule 52, 28 U.S.C.A.